1

2

3

4                      UNITED STATES DISTRICT COURT

5                      NORTHERN DISTRICT OF CALIFORNIA

6

7    BILLY DRIVER,                           Case No.  24-cv-08762-JD

8                     Plaintiff,

9            v.                              **ORDER TO SHOW CAUSE**

10   C-5 THIRD-WATCH MAIL GUARD
     RESPONSIBLE FOR MAIL DELIVERY,
11   et al.,

12                    Defendants.

13          Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983.

14   Plaintiff also filed a motion to proceed in forma pauperis ("IFP"), but it appears that he is three-

15   strikes barred and cannot proceed IFP pursuant to 28 U.S.C. § 1915(g), unless he is under

16   imminent danger of serious physical injury.

17          The Prison Litigation Reform Act of 1995, provides that a prisoner may not bring a civil

18   action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on three or more

19   prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a

20   court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails

21   to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of

22   serious physical injury."  28 U.S.C. § 1915(g).

23          The plain language of the imminent danger clause in Section 1915(g) indicates that

24   "imminent danger" is to be assessed at the time of filing of the complaint.  *See Andrews v.*

25   *Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).  The Ninth Circuit has also found that

26   "the imminent danger exception to § 1915(g) requires a nexus between the alleged imminent

27   danger and a prisoner's complaint."  *Ray v. Lara*, 31 F.4th 692, 695 (9th Cir. 2022).  The Ninth

28   Circuit adopted the Second Circuit's "nexus test" from *Pettus v. Morgenthau*, 554 F.3d 293, 299

United States District Court
Northern District of California

(2d Cir. 2009).  The factors are (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury.  *Ray*, 31 F.4th at 701.  "Thus, in order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court."  *Id.*

The following five cases are strikes pursuant to Section 1915(g):

1. *Driver v. Martel*, Case No. 08-cv-1910 GEB EFB (E.D. Cal.) (dismissed for failure to state a claim).  The Ninth Circuit affirmed the dismissal for failure to state a claim. *Driver v. Martel*, 395 Fed. Appx. 392 (9th Cir. 2010) (unpublished).

2. *Driver v. Kelso*, Case No. 11-cv-2397 EFB (E.D. Cal.) (dismissed for failure to state a claim).  The Ninth Circuit affirmed the dismissal.  *Driver v. Kelso*, 514 Fed. Appx. 662 (9th Cir. 2013) (unpublished).

3. *Driver v. EPP*, Case No. 12-cv-589 EFB (E.D. Cal.) (dismissed for failure to state a claim).

4. *Driver v. Judge Susan Illston*, Case No. 13-2508 JST (N.D. Cal.) (dismissed for failure to state a claim).

5. *Driver v. Zamora*, Case No. 14-cv-2170 BRO AGR (C.D. Cal.) (dismissed for failure to state a claim). The Ninth Circuit affirmed the dismissal for failure to state a claim. *Driver v. Zamora*, 621 Fed. Appx. 421 (9th Cir. 2015) (unpublished).

Plaintiff must show cause why the IFP application should not be denied.  He may address the strike cases above or demonstrate that he is under imminent danger of serious physical injury.

1. Plaintiff will show cause within twenty-eight (28) days, why this case should not be deemed three strikes barred and the application to proceed IFP denied.  In the alternative, plaintiff may pay the full $405.00 filing fee by the deadline.  Failure to respond will result in the dismissal of this action.

2. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of

United States District Court
Northern District of California

Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: January 2, 2025

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California